

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| TRESS WRIGHT, *as Personal Representative of the Estate of Willie Mae Wright*, <br> Plaintiff, <br><br> vs. <br><br> ENCOMPASS HEALTH REHABILITATION HOSPITAL OF COLUMBIA, INC., and CHRIS DAUGHTRY, *individually and in his capacity as Chief Executive Officer of Encompass Health Rehabilitation Hospital of Columbia, Inc.*, <br> Defendants. | Civil Action No. 3:20-02636-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

### I. INTRODUCTION

Plaintiff Tress Wright (Wright) brought this action alleging claims of general negligence, wrongful death, survival, negligent hiring/training/supervision, gross negligence, and premises liability against Encompass Health Rehabilitation Hospital of Columbia, Inc. (Encompass Health) and Chris Daughtry, individually and in his capacity as Chief Executive Officer of Encompass Health Rehabilitation Hospital of Columbia, Inc. (collectively, Defendants). She originally sued in the Richland County Court of Common Pleas, but Defendants removed the case to this Court, asserting the Court has jurisdiction over the matter in accordance with 28 U.S.C. § 1331.

Pending before the Court is Wright's motion to remand the matter to state court. Having carefully considered Wright's motion, the responses, the replies, all supplemental materials, the record, and the applicable law, the Court will grant Wright's motion and remand the case to the Richland County Court of Common Pleas.

II.     **FACTUAL AND PROCEDURAL HISTORY**

This case arises from the COVID-19-related death of Willie Mae Wright (Willie Mae). Wright claims Willie Mae contracted the virus while receiving short-term rehabilitation at Encompass Health after undergoing neck surgery on February 26, 2020.

Although Willie Mae was initially expected to return home from Encompass Health on March 30, 2020, her roommate tested positive for COVID-19. Shortly thereafter, Willie Mae developed symptoms and tested positive for the virus. Her symptoms progressed to the point she required hospitalization and was admitted to Prisma Health Richland Memorial Hospital, where she subsequently died on April 13, 2020.

As the Court mentioned above, Wright filed this action in the Richland County Court of Common Pleas, after which Defendants removed the case to this Court on the premise the Public Readiness and Emergency Preparedness Act, 42 U.S.C. § 247d-6d (2020) (the PREP Act), provides for "complete pre-emption."

Thereafter, Wright filed a motion seeking to remand the matter to state court. Defendants then filed their response and Wright in turn filed her reply. Subsequently, Defendants filed a supplemental brief and Wright filed a reply.

The Court, having been fully briefed on the relevant issues, is prepared to adjudicate Wright's motion.

### III.  STANDARD OF REVIEW

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  "Because removal jurisdiction raises significant federalism concerns, [a court] must strictly construe removal jurisdiction."  *Mulcahey v. Columbia Organic Chem. Co. Inc.,* 29 F.3d 148, 151 (4th Cir. 1994).  "If federal jurisdiction is doubtful, a remand is necessary."  *Id.*

Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C §1331.  Under federal question jurisdiction, the well-plead complaint rule applies.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  This requires "a federal question [be] presented on the face of the plaintiff's properly pleaded complaint."  *Id.*  As such, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law."  *Id.* (footnote omitted).

"Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  *Id.* at 393.

"There does exist, however, an 'independent corollary' to the well-pleaded complaint rule, known as the 'complete pre-emption' doctrine."  *Id.* (internal citation omitted).  "On occasion, the [Supreme] Court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of

3

the well-pleaded complaint rule.'" *Id.* (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

IV.  **DISCUSSION AND ANALYSIS**

Of the multiple arguments Wright makes in support of her position this matter must be remanded, one is dispositive: Defendants are mistaken in their assertion that Wright's causes of action are completely pre-empted by the PREP Act.

In assessing the applicability of the PREP Act and the alleged complete pre-emptive force it elicits, the Court first reviews the doctrine of complete pre-emption. As determined by the Supreme Court, there are only two circumstances in which a state claim may be removed to federal court under the doctrine of complete pre-emption: (1) "when Congress expressly so provides"; or (2) "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank, et al. v. Anderson*, 539 U.S. 1, 8 (2003). "Complete [pre-emption] is a rare doctrine," which is not to be lightly invoked. *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1204 (10th Cir. 2012) (quoting *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1260 n. 16 (11th Cir. 2011)). Defendants insist Wright's claims are completely pre-empted and emphasize Congress's express intent supporting complete pre-emption is evident through (1) a subsection of the PREP Act titled "Pre-emption of State Law," 42 U.S.C. § 247d-6d(b)(8), (2) HHS Advisory Opinion 21-01 and (3) the "Government Statement of Interest" filed in *Bolton v. Gallatin Center for Rehabilitation & Healing*, No. 20-CV-00683 (M.D. Tenn.).

As a fourth argument, Defendants contend the PREP Act is completely pre-emptive because it wholly displaces the state level causes of action Wright has alleged. The Court will address each argument below.

### A. *Whether the language of the PREP Act supports concluding it is completely pre-emptive*

The pre-emptive subsection found within the PREP Act might seem by its title, "Pre-emption of State Law," to imply, as Defendants allege, that Congress expressly intended Wright's claims be completely pre-empted.  However, an examination of this subsection reveals it serves only to restrict state law relating to "design, development, clinical testing or investigation, formulation, manufacture, distribution, sale, donation, purchase, marketing, promotion, packaging, labeling, licensing, use, any other aspect of safety or efficacy, or prescribing, dispensing, or administration by qualified persons of the covered countermeasure."  § 247d-6d(b)(8).

In the case at hand, Wright alleges Defendants failed to utilize personal protective equipment, failed to screen staff, visitors or patients for COVID-19 symptoms, continued to allow visitation, and thus exposed Willie Mae to COVID-19.  Although these allegations may fall within the bounds of the PREP Act, the question before the Court is whether the PREP Act establishes complete pre-emption, thus necessitating federal jurisdiction.

Complete pre-emption "must be distinguished from ordinary pre-emption, also known as defensive pre-emption." *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir. 2005). Complete pre-emption occurs where "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar Inc.*, 482 U.S. at 393.  Ordinary pre-emption, on the other hand does not necessitate federal jurisdiction and serves only as a defense from state-law claims because they are pre-empted by federal law.  *Sullivan*, 424 F.3d at 272-73.

Unlike the statutory provisions the Supreme Court has recognized as completely pre-emptive through their extraordinary pre-emptive force, the PREP Act fails to expressly "provide[]

the exclusive cause of action for the claim asserted[.]" *Anderson*, 539 U.S. at 8; *see, e.g.* National Bank Act, 12 U.S.C. §§ 85-86 (1980) (providing the exclusive cause of action for usury causes of action against national banks).

Additionally, the complete pre-emption statutes permit "the district court [to] adjudicate the claim on the merits under the relevant pre-emptive statute." *Sullivan*, 424 F.3d at 276; *see, e.g.*, Employee Retirement Income Security Act, 29 U.S.C. § 1132(f) (2014) ("The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief[.]"); Labor-Management Act, 29 U.S.C. § 185 (1947) ("For purposes of actions and proceedings by or against labor organizations . . . district courts shall be deemed to have jurisdiction[.]"). Noticeably, the PREP Act fails to afford similar authority.

However, the PREP Act does provide for federal jurisdiction for specific causes of action alleging a nexus between willful misconduct and death or serious injury by stating such claims shall be filed and maintained only in the District Court for the District of Columbia. *See* 42 U.S.C. § 247d-6d(d)-(e).  Wright in this case does not make such allegations.  And, although the PREP Act may serve as a potential defense, such a defense does not necessitate federal jurisdiction as per the well plead complaint rule. *See Caterpillar Inc.*, 482 U.S. 386 at 392 ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly plead complaint.").

Assuming, however, Wright's allegations did involve "willful misconduct," the statute states that exclusive jurisdiction would lie with the District Court for the District of Columbia.  42 U.S.C. § 247d-6d(d)-(e).  As such, this Court would lack jurisdiction over Wright's claims.

Further, the PREP Act creates an additional path toward compensation from a "Covered Countermeasure Process Fund" for certain causes of action as an administrative remedy

6

determined by the Secretary of Health and Human Services.  With regard to this decision, "[n]o court of the United States, or of any State, shall have subject matter jurisdiction to review, whether by mandamus or otherwise, any action by the Secretary." § 247d-6e(b)(5)(C).  Although this narrow avenue toward relief exists, it has nothing to do with the parties' jurisdictional arguments.

Accordingly, the Court agrees with other District Courts in its conclusion that the PREP Act, at its heart, is an immunity statute.  42 U.S.C. § 247d-6d (Titled "Targeted liability protections for pandemic and epidemic products and security countermeasures"); *See, e.g., Dupervil v. All Health Operations, LLC*, No. 20-CV-4042-PKC-PK, 2021 WL 355137 at *9 (E.D.N.Y. Feb. 2, 2021) ("PREP Act is, at its core, an immunity statute[.]"); *Parker v. St. Jude Operating Co., LLC et al.*, No. 20-CV-01325-HZ, 2020 WL 8362407 at *6 (D. Or. Dec. 28, 2020) ("[I]n addition to providing immunity, the PREP Act only supplies a limited cause of action for willful misconduct[.]").  In sum, such immunity is afforded to "covered persons," under specific circumstances, and the PREP Act provides two narrow avenues for certain causes of action to receive compensation.

### B. Whether HHS Advisory Opinion 21-01 supports concluding the PREP Act is completely pre-emptive

Next, the Court considers HHS Advisory Opinion 21-01 which, according to Defendants, provides clarity as to whether the PREP Act completely pre-empts Wright's allegations.

The Court acknowledges the plausible value in HHS Advisory Opinion 21-01.  As established by the *Chevron* doctrine, federal courts are required to defer to an agency's interpretation of a statute if (1) the statute is ambiguous and (2) the agency's interpretation is reasonable.  *Chevron*, 467 U.S. at 843.

The Supreme Court subsequently expanded these requirements holding *Chevron* deference should apply where "Congress delegated authority to the agency generally to make rules carrying

7

the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority." *United States v. Mead Corp.*, 533 U.S. 218, 226-27 (2001).

But, first, an "Agency's position on jurisdiction is not entitled to deference under Chevron[.]" *Our Children's Earth Found. v. U.S. Envtl. Prot. Agency*, 527 F.3d 842, 846 n.3 (9th Cir. 2008) (rejecting the agency's argument that the District Court lacked jurisdiction to evaluate statutory requirements). Second, HHS Advisory Opinion 21-01 explicitly states it "does not have the force or effect of law." Advisory Opinion No. 21-01. As such, HHS Advisory Opinion 21-01 was expressly not "promulgated in the exercise of [] authority." *Mead Corp.*, 533 U.S. at 226-27.

Third, the PREP Act is unambiguous. Thus, *Chevron* deference is inapplicable for HHS Advisory Opinion 21-01.

However, a federal agency's determination may be entitled to judicial respect if the determination is authorized by statute and made based on the agency's experience and informed judgment. *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). Nevertheless, "[a]gency interpretations in opinion letters are only 'entitled to respect' to the extent they have the 'power to persuade.'" *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98 (2d Cir. 2011) (quoting *Christensen v. Harris Cnty.*, 529 U.S. 576 (2000)).

Here, as HHS Advisory Opinion 21-01 fails to cite any compelling legal authority to support its assertion that the PREP Act has complete pre-emption power, it lacks the "power to persuade" and therefore is not afforded persuasive value. *Id.*

### C. Whether the "Statement of Interest of the United States" supports concluding the PREP Act is completely pre-emptive

The "Statement of Interest of the United States," as cited by Defendants, attempts to clarify the PREP Act's complete pre-emptive powers by drawing a comparison between the PREP Act and the Air Transportation Safety and System Stabilization Act of 2001 ("ATSSSA"), which was

held by the Second Circuit to be completely pre-emptive. *See In re WTC Disaster Site*, 414 F.3d 352 (2d Cir. 2005). Although both the PREP Act and the ATSSSA establish a compensation fund, the ATSSSA also expressly creates a federal cause of action and an exclusive remedy for qualified damages. *See* 42 U.S.C. §§ 247d-6e(a), 247d-6e(b)(1); 49 U.S.C. §§ 40101, 408(a) (2003).

As previously mentioned, the PREP Act fails to create a federal cause of action for Wright's allegations. As this is vital to concluding complete pre-emption exists, the Court concludes the "Statement of Interest of the United States" is unpersuasive.

### D.     *Whether the PREP Act wholly displaces the state-law cause of action*

The alternative avenue for removal through complete pre-emption exists when "a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Anderson*, 539 U.S. at 8. As previously stated the PREP Act establishes two narrow routes toward potential relief for specific claims. But, here, it fails to create a federal cause of action for Wright's allegations.

"If the federal statute creates no federal cause of action vindicating the same interest the plaintiff's state cause of action seeks to vindicate, recharacterization as a federal claim is not possible and there is no claim arising under federal law to be removed and litigated in the federal court." *Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R. Co.*, 858 F.2d 936, 942 (3d Cir. 1988) (holding the Railway Labor Act, 45 U.S.C. §§ 151-188 (1996), is not completely pre-emptive because it has no federal cause of action comparable to the state cause of action asserted and the requisite Congressional intent is not evident.).

\* \* \* \* \*

The Court acknowledges the thorough proclamations presented by Defendants in the matter at hand. Suffice it to say, most are arguments about immunity and other related matters, which

9

they can make to the state court. But, those contentions are an insufficient basis on which the Court can conclude the PREP Act completely pre-empts Wright's claims.

Consequently, the Court joins in the decision to remand similarly held by the majority of district courts presented with the application of the PREP Act under comparable circumstances. *See, e.g. Dupervil* (granting motion to remand on premise the PREP Act does not completely pre-empt state level claims for negligence, gross negligence, wrongful death, malpractice and violation of New York Public Health law); *Lyons v. Cucumber Holdings, LLC et al.*, No. CV-20-10571-JFW, 2021 WL 364640 (C.D. Cal. Feb. 3, 2021) (granting motion to remand on premise the PREP Act does not completely pre-empt state level claims for negligence and wrongful death); *Anson v. HCP Prairie Village KS OPCO LLC, et al.*, No. 20-2346-DDC-JPO, 2021 WL 308156 (D. Kan. Jan. 29, 2021) (granting motion to remand on premise the PREP Act does not completely pre-empt state level claims for negligence and wrongful death).

V.   CONCLUSION

For the reasons stated above, it is the judgement of the Court it lacks jurisdiction over Wright's claims. Accordingly, Wright's motion to remand is **GRANTED,** and the matter is **REMANDED** to the Richland County Court of Common Pleas for further adjudication.

**IT IS SO ORDERED**.

Signed this 29th day of March, 2021, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE